SAMUEL F. GLASS, Ex'r, *v.* S. B. DAVIDSON *et al.*

1. ATTORNEY. *Payment to in current, but not legal tender funds. Under what circumstances not binding on client. Agency.* If an attorney declines to receive current bank notes, and discloses to the debtor that he is under instructions from his client not to receive such funds, but agrees to receive the funds and notify his client of the fact, and if his client consents, that he will then receive the funds in payment; but if his client refuses he will return the bank notes to the debtor, either in a definite time, or within a reasonable time; in such case the attorney would hold the funds as bailee or agent of the debtor, and if he failed to notify his client, or to return the money, it would be no payment.

**2. SAME.** *Same.* *When client in such case would be bound.* But if an attorney fails to disclose to the debtor private instructions, which limit his authority, and accepts money subject to be returned if his client refuses to receive it, in such case the attorney is the agent of his client, and his failure to return such money to the debtor, operates as payment and satisfaction of the claim as between client and debtor.

Cases cited: Shear & Redf. on Negl., Sec. 230.

### FROM DAVIDSON.

Appeal from the Circuit Court. NATHANIEL BAXTER, Judge.

John REID for plaintiff.

JNO. S. C. DAVIDSON and McNEILY for defendant.

NICHOLSON, Chief Justice, delivered the opinion of the Court.

The controlling question in this case arises upon the charge of the Circuit Judge upon the following facts:

Glass had a judgment in the Circuit Court of Davidson County, against Davidson and Davis, which was in the hands of Foster, as an attorney at law, for collection. In 1862 Davis tendered to Foster the amount of the judgment, in notes of the Bank of Tennessee, which then passed current as money. Foster declined to receive the money in absolute payment, but agreed to receive it and write to Glass, and if Glass consented to receive it, the same would be a payment; but if Glass refused to receive it, then Foster was to return the money to Davis in a short

time.   On these facts Judge Baxter charged the jury as follows :

" If Foster had private instructions not to receive Bank of Tennessee money, but did not communicate those instructions to Davis, but of his own will refused to receive the money, unless it should meet the approbation of Glass, when he should be informed of it, but with a promise that if Glass rejected it he would return the money to Davis in a given time, in such case Foster would be acting appropriately within the scope of his authority, and should be treated as Glass' agent, and not as the agent of Davis; and if he failed to return the money within the time agreed upon, or within a reasonable time if no definite time was agreed upon, the payment of Davis would become binding."

It is well settled that an attorney prosecuting a suit to judgment can not, by virtue of his general authority, discharge a debt without the actual payment of the debt in full, and in current money.   Shear & Redf. on Negl., Sec. 230.

Although an attorney, under his general authority, may decline to receive current bank notes in payment, and insist on legal tender money, yet he may receive payment in current funds, and the payment will be binding on the plaintiff.

If an attorney is under special instructions to receive nothing in payment but legal tender money, but does receive current bank notes without disclosing his instructions, the payment will be a discharge of the

4

debt. The debtor, in such case, has a right to presume that the attorney is acting under a general authority to receive payment in current money.

If the attorney declines to receive current bank notes, and discloses to the debtor that he is under instructions by the plaintiff not to receive such funds, but agrees to receive the funds, and to notify the plaintiff that he has them, and if the plaintiff consents, that he will then receive them as payment; but if he refuses, that the attorney will return the funds to the debtor, either in a definite time or within a reasonable time; in such case the attorney would hold the funds as bailee or agent of the debtor, and if he failed to notify the plaintiff, or to return the money, it would be no payment, and the debtor would have to look to the attorney for a breach of his undertaking as the debtor's bailee or agent. But if the attorney in the case last supposed failed to disclose to the debtor his private instructions, then the question arises whether he was acting as the agent of the plaintiff and within the scope of his authority? It is true that the attorney could receive nothing in satisfaction of the judgment but money, or that which was current as money, and if he should do so it would not discharge the debt, because the debtor is affected with notice that the attorney is receiving the payment in violation of his general authority as an attorney. But as he has the right, under his general authority, to receive current bank notes in absolute payment, he has the right to receive such

funds to operate as absolute payment, on the condition that the plaintiff will receive them from the attorney. The receiving the current bank notes by the attorney on the condition stated is, therefore, within the scope of his general authority; and as the debtor was ignorant of any special limitations of the attorney's authority, as between him and the attorney, the latter is to be regarded as receiving the money as agent of the plaintiff, subject to be returned if the plaintiff refused to receive it.

As between the attorney and the plaintiff, the attorney was acting in violation of his instructions, and, therefore, not as the plaintiff's agent. As the attorney failed to return the money to the debtor, having received it within the scope of his general authority, it operated as payment and satisfaction of the debt as between the plaintiff and the debtor. It follows that there was no error in the charge of the Circuit Judge. No other exceptions being taken against the charge of the Court, the judgment is affirmed.